# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONSUL PROPERTIES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-15-840-R ) |
| UNIT PETROLEUM COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss the class action allegations in this case. Doc. No. 18. Defendant proffers its motion pursuant to Federal Rules of Civil Procedure 23(d)(1)(D), 12(b)(1) and (6) or Rule 56, F.R.Civ.P. *See id*. Because this Court can take judicial notice of pleadings in and decisions of the state court and may in any event, consider evidence in a factual attack on its subject matter jurisdiction, *see e.g., Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995), the Court decides this motion pursuant to Rule 12(b)(1), F.R.Civ.P.

In *Panola Independent School District No. 4. v. Unit Petroleum Co.*, 287 P.3d 1033 (Okla. Civ. App. 2012), *cert. denied,* (Okla. 2012), the district court had certified a class of all royalty and unleased mineral owners whose minerals were included in drilling and spacing units in Oklahoma where Unit Petroleum Company or any of its affiliates, successors or assigns had the right to drill and produce gas. *See Panola*, 287 P.3d at 1035. On appeal, the Oklahoma Court of Civil Appeals reversed the certification order, holding that the claims of the royalty owners who acquired their interest through leases

would require a multiplicity of subclasses, with a subclass for each lease type, to decide claims for the underpayments of royalty interest. Defendant argues that because the class in the *Panola* case was nearly identical to the putative class alleged in this case,[1] issue preclusion should apply to bar any class certification in this case. *See* Second Amended Complaint at p. 4. To support its issue preclusion argument, Defendant cites to *Rees v. BP America Production Co.*, 211 P.3d 910 (Okla. Civ. App. 2008), *cert. denied* (Okla. 2009). In *Rees*, the Oklahoma Court of Civil Appeals held that an unnamed member of the proposed class in *Watts*, wherein denial of class certification was fully and fairly adjudicated and final, was bound by the court's ruling denying class certification and could not seek certification in a subsequent action of essentially the same nationwide class. *See Rees* at 912. The Oklahoma Court of Civil Appeals did say that Plaintiff or other putative class members could seek certification of a narrower class but the Plaintiff only argued that his claim was narrower because he had deleted a fraud claim. The Court is of the opinion that Plaintiff's slight modification of the geographical distribution of leases and the other modifications in the putative class, *see* note 1, *supra,* do not sufficiently narrow the putative class in this case from the putative class in *Panola*

      This Court must apply Oklahoma law of issue preclusion whenever courts of that state would do so. *See* 28 U.S.C. § 1738. Accordingly, because *Rees* demonstrates that Oklahoma would apply issue preclusion based on the denial of class certification in *Panola* to the case now before this Court, this action is barred. Plaintiff argues that the

---

[1] The putative class in this case differs only in the following respects: Owners of royalty interests having leases in three of Oklahoma's 77 counties are excluded. Forced pooled royalty owners are omitted. Only leases which include the implied duty to market are included because owners whose leases explicitly negate the implied duty to market are excluded. Overriding royalty interest owners are included.

2

Supreme Court's abrogation of *In Re Bridgestone/Firestone*, 333 F.3d 763 (7th Cir. 2003), a case cited in *Rees*, dictates a different outcome herein because in *Smith v. Bayer Corp.*, 54 U.S. 299, 131 S.Ct. 2368, 180 L.Ed.2d 341 (2011), the Supreme Court unanimously held that the denial of class certification in one case does not preclude absent class members of the failed putative class from pursuing the same claims in a separate class action. However, *Smith* involved the question of whether issue preclusion applied as a matter of federal law, which is not applicable in this case. Moreover, there is an identity of interest between the named plaintiffs in *Panola* and the named Plaintiffs in this case sufficient to constitute privity. But in any event, Oklahoma as a matter of state law has clearly recognized non-mutual defensive collateral estoppel or issue preclusion to apply in the circumstances of this case.

In accordance with the foregoing, Defendant's motion to dismiss the class action allegations is GRANTED pursuant to F.R.Civ.P. 12(b)(1).

IT IS SO ORDERED this 2nd day of February, 2016.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE